E-filing

**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name  HICKS, MICHAEL J.
    (Last)    (First)    (Initial)

Prisoner Number  B-80852

Institutional Address  P.O. BOX 290066, REPRESA, CA 95671

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MICHAEL J. HICKS
(Enter the full name of plaintiff in this action.)

vs.

LINDA NEAL
PROGRAM DIRECTOR,
SALINAS VALLEY PSYCHIATRIC
PROGRAM
(Enter the full name of the defendant(s) in this action)

Case No. _____ (CV) 08  1693  SI  (PR)
(To be provided by the Clerk of Court)

**COMPLAINT UNDER THE CIVIL RIGHTS ACT,
Title 42 U.S.C § 1983**

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I. Exhaustion of Administrative Remedies.

[**Note:** You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

  A. Place of present confinement  SACRAMENTO STATE PRISON

  B. Is there a grievance procedure in this institution?
     YES (X)   NO ( )

  C. Did you present the facts in your complaint for review through the grievance procedure?
     YES (X)   NO ( )

  D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue a certain level of appeal, explain why. LOG # SVSP-D-07-02625 FILED 6-8-07 (SEE EXHIBIT 'A').

COMPLAINT    - 1 -

1. Informal appeal _DENIED_

2. First formal level _DENIED_

3. Second formal level _MOOT_

4. Third formal level _____

E. Is the last level to which you appealed the highest level of appeal available to you?

    YES (X)    NO ( )

F. If you did not present your claim for review through the grievance procedure, explain why. _N/A_

II. Parties.

A. Write your name and your present address. Do the same for additional plaintiffs, if any.

_MICHAEL J. HICKS, B-80852, P.O. BOX 290066_
_REPRESA, CA 95671_

B. Write the full name of each defendant, his or her official position, and his or her place of employment.

_LINDA NEAL IS EMPLOYED AS PROGRAM DIRECTOR,_

COMPLAINT      - 2 -

1 SALINAS VALLEY PSYCHIATRIC PROGRAM, DEPARTMENT
2 OF MENTAL HEALTH, AT SALINAS VALLEY STATE PRISON.
3 DEFENDANT IS SUED IN HER INDIVIDUAL AND OFFICIAL
4 CAPACITY.

III.  Statement of Claim.

State here as briefly as possible the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

1. DEFENDANT DEPRIVED PLAINTIFF OF ANY OUT OF CELL EXCERCISE PERIOD FOR NOT LESS THAN 99 DAYS.
2. DEFENDANT DEPRIVED PLAINTIFF OF SHAVING FOR A PERIOD OF NOT LESS THAN 99 DAYS.
3. THESE EVENTS OCCURRED FROM 5-23-07 THRU JULY 31, 2007
4. DEFENDANT DEPRIVED PLAINTIFF OF THESE FREEDOMS IN ACCORDANCE TO STANDARD POLICY AND PROCEDURE OF THE SALINAS VALLEY PSYCHIATRIC PROGRAM.
    (SEE ATTACHED: CAUSE OF ACTION)

IV.  Relief.

Your complaint cannot go forward unless you request specific relief. State briefly exactly what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

1. GO CLASS ACTION TO PUT AN END TO THIS ILLEGAL PRACTICE TO ALL SVPP INMATES. (INJUNCTION).
2. THAT I BE AWARDED $50,000 IN PUNITIVE,

COMPLAINT           - 3 -

COMPENSATORY DAMAGES. NOMINAL DAMAGES.
3. DEMAND FOR JURY TRIAL.
4. ANY OTHER RELIEF THAT THE COURT DEEMS AS PROPER AND JUST.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 20TH day of MARCH, 2008

_____
(Plaintiff's signature)

COMPLAINT

- 4 -

PLD-PI-001(2)

| SHORT TITLE: HICKS V. NEAL | CASE NUMBER: |
|---|---|

_____ONE_____   **CAUSE OF ACTION—General Negligence**   Page __1__
(number)

ATTACHMENT TO  ☒ Complaint   ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: MICHAEL J. HICKS

alleges that defendant *(name)*: LINDA NEAL

☐ Does _____ to _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date)*: MAY 23, 2007 THRU AUGUST 30, 2007 (APPROXIMATE)
at *(place)*: SALINAS VALLEY PSYCHIATRIC PROGRAM

*(description of reasons for liability):*

I

INTRODUCTION

1. PLAINTIFF IS A STATE PRISONER WHO FROM MAY 23, 2007 THRU DECEMBER 4, 2007, WAS CONFINED AT THE SALINAS VALLEY STATE PRISONS DEPARTMENT OF MENTAL HEALTH PSYCHIATRIC PROGRAM REFERED TO AS THE "SALINAS VALLEY PSYCHIATRIC PROGRAM". THE PROGRAM IS STAFFED IN COMBINATION WITH DMH AND CDCR PERSONELL (PRISON GUARD'S).

2. THE DEFENDANT LINDA NEAL, IS THE PROGRAM DIRECTOR AND IS SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITY.

3. PLAINTIFF CONTENDS THAT THE DEFENDANT DID KNOWINGLY AND VIOLATE THE CALIFORNIA CODE OF REGULATIONS, TITLE 15, SECTION'S §§ 3343(9) HYGENE (SHAVING), AND 3343(h) OUT OF CELL EXCERCISE FOR A PERIOD OF NOT LESS THAN NINEDY-NINE DAYS.

4. PLAINTIFF CONTENDS THAT DEFENDANT KNOWINGLY AND WILLINGLY

Page 1 of 1

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001(2) [Rev. January 1, 2007] | **CAUSE OF ACTION—General Negligence** | Code of Civil Procedure 425.12<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

SHORT TITLE: HICKS V. NEAL

CASE NUMBER:

1. DISREGARD PLAINTIFF STATE CONSTITUTIONAL RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT BY DEPRIVING PLAINTIFF OF OUT OF CELL EXERCISE AND HYGENIC SHAVING.

## II
## ADMINISTRATIVE REMEDIES

5. AFTER PLAINTIFF HAD BEEN CONFINED TO HIS QUARTERS (CTQ STATUS) FROM 5-23 THRU 6-8-07 (17 DAYS), HE FILED A DEPARTMENTAL INMATE APPEAL WITH A REQUESTED ACTION, "THAT I BE TAKEN OFF CTQ STATUS IN ORDER TO RECIEVE THE FULL BENEFIT'S OF THIS DMH PROGRAM." (SEE EXHIBIT 'A'). THE APPEAL REFLECTS AN INFORMAL LEVEL OF DENIAL ON 6-8-07, RESUBMISSION ON 6-11-07, SUBSEQUENT FIRST LEVEL OF REVIEW DENIAL ON 6-27-07, AND RETURNED TO PLAINTIFF ON 8-10-07.

6. THOUGH PLAINTIFF WAS KEPT ON CTQ STATUS WELL AFTER 8-30-07, THE EXACT DATE WHEN PLAINTIFF WAS FINALLY REMOVED OFF CTQ IS APPROXIMATE. AND THE APPEAL BECAME MOOT WITHOUT FURTHER LEVEL OF SUBMISSION AND REVIEW.

7. A GOVERNMENT CLAIMS BOARD ACTION WAS FILED ON 2-21-08, AND IS PENDING AND WITH TRACK HISTORY IS POINTLESS.

(Required for verified pleading) The items on this page stated on information and belief are (specify item numbers, not line numbers):

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 2

SHORT TITLE: HICKS V. NEAL

CASE NUMBER:

## III

## STATEMENT OF CLAIM

8. As stated above; Plaintiff arrived at SVPP on 5-23-07. Plaintiff had arrived from the PSU. Program at CSP-Sacramento where he had been given excercise yard access for minimun of 7 1/2 hours per week, allowed to use battery operated shaver and hair clippers 3 times a week.

9. Upon arrival at SVPP Plaintiff was confined to his cell on orientation status for 16 day until he appeared before the Institution Classification Committee on 6-7-07. Plaintiff also appeared before his Individual Treatment Team the same day. He was informed by both committees that he would be retained on "Stage I" (CTQ status) for the next two to three months for observation. (See Exhibit A(E)).

10. Plaintiff filed a departmental appeal the same day which was informally denied the same day and resubmitted on 6-11-07.

11. Plaintiffs depervation of no out of cell excercise period's soon began to cause plaintiffs behavior to deteriorate. He verbally threatened a staff member and was informed he was being placed on involuntary medication only to have the order

(Required for verified pleading) The items on this page stated on information and belief are (specify item numbers, not line numbers):

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 3

| SHORT TITLE: HICKS V. NEAL | CASE NUMBER: |
|---|---|

1. RECENDED THE VERY NEXT DAY. HE CONTINUALLY
2. PLEADED WITH PROGRAM ADMINISTRATERS TO ALLOW
3. HIM TO COME OUT OF HIS CELL FOR SOME FRESH
4. AIR ON THE ADJACENT CONCRETE YARD OR ALLOW TO
5. COME OUT OF HIS CELL ALONE AND IN WAISTCHAINS
6. TO WALK AROUND THE DAYROOM OR JUST TO WATCH
7. T.V. OR A MOVIE. ANYTHING TO GET OUT OF HIS CELL, EVEN
8. BEING LOCKED INTO THE SHOWER FOR A TIME-OUT.
9. ALL OF THESE PLEAS WERE DENIED. PLAINTIFF BECAME
10. ANGERLY VIOLENT, KICKING ON HIS CELL DOOR SO HARD
11. THAT HE JAMMED THREE TOES AND REQUIRED X-RAY
12. AND PAIN MEDICATION FOR MONTHS. PLAINTIFF BEGAN
13. SUFFERING SUICIDAL IDEATION. HE INJESTED A PIECE
14. OF BROKEN OFF PLASTIC FROM HIS GLASSES. HE INJESTED
15. AN INK PEN CARTREDGE IN ORDER TO BE TAKEN OUT OF
16. HIS CELL TO AN OUTSIDE HOSPITAL WITH THE HOPE HE
17. WOULD NOT BE RETURNED TO THE PRISON. ON ONE
18. OCCASSION HE MADENLY SMEARD HIS FECES ON THE
19. CELL WINDOWS. HE WROTE A LETTER TO HIS TEAM
20. PSYCHOLOGIST COMPLAINING OF THE MENTAL EFFECTS OF
21. BEING WAREHOUSED IN HIS CELL AND WROTE THAT HE HAD
22. NOTHING TO LOSE IN HURTING OR KILLING, "ONE OF YOU
23. PEOPLE." THIS LETTER COMBINED WITH THE EARLIER VERBAL
24. THREAT WERE USED AGAINST PLAINTIFF TO RE-ESTABLISH
25. THE USE OF INVOLUNTARY MEDICATION FOR THE NEXT

26. *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

27. This page may be used with any Judicial Council form or any other paper filed with the court.

Page 4

Form Approved by the Judicial Council of California MC-020 [New January 1, 1987]  ADDITIONAL PAGE  Attach to Judicial Council Form or Other Court Paper  CRC 201, 501  American LegalNet, Inc. | www.USCourtForms.com

SHORT TITLE: HICKS V. NEAL

CASE NUMBER:

SIX MONTHS".

12. SOME TIME AFTER AUGUST 30, 2007 (APPROXIMATE) PLAINTIFF WAS TAKEN OFF STAGE I (CTQ STATUS) AND ALLOWED TO COME OUT OF HIS CELL FOR MEALS AND GROUPS. ON STAGE II STATUS PLAINTIFF WAS ALLOWED TO USE A BATTERY OPERATED SHAVER WHILE LOCKED IN THE SHOWER.

13. PLAINTIFF WAS SO TRAMATIZED BY HIS LONG PERIOD OF CELL CONFINEMENT THAT HE WAS UNABLE TO ENGAGE IN ANY MEANINGFUL WAY IN THERAPEY. AT TIMES HE COULD NOT STAND BEING OUT OF HIS CELL AND AT TIMES AFRAID TO EXIT HIS CELL. EVEN WITH THE OPERTUNITY TO FINALLY GO OUTDOORS ON THE YARD WITH OTHER INMATES, PLAINTIFF SUFFERED AN UNREASONABLE FEAR TO DO SO AND IN HIS FINAL THREE MONTHS (APPROXIMATE) AT SVPP, HE NEVER WENT TO THE EXCERCISE YARD.

14. PER HIS OWN REPEATED REQUEST, PLAINTIFF WAS TRANSFERED OUT OF SVPP ON 12-4-07.

III

SUPPORTING CASES

PRISONERS HAVE A STATE AND FEDERAL RIGHT TO BE FREE OF THE INFLECTION OF CRUEL AND UNUSUAL PUNISHMENT. THE CALIFORNIA CODE OF REGULATIONS (15)(3) §3543 CLEARLY

1. PLAINTIFF HAS NOT BEEN ON ANY MEDICATIONS SINCE JAN. 22, 2008.

(Required for verified pleading) The items on this page stated on information and belief are (specify item numbers, not line numbers):

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 5

SHORT TITLE: HICKS V. NEAL

CASE NUMBER:

1. MANDATE THAT SEGREGATED INMATES BE PROVIDED NO
2. LESS THAN 10 HOURS OF OUT OF CELL EXCERCISE PER WEEK
3. AND ALLOWED TO SHAVE IT LEAST THREE TIMES PER WEEK.
4. CCR(15)(3)§3333 MANDATE THAT A PRISONER CANNOT BE
5. KEPT ON CTQ STATUS FOR LONGER THAN 10-DAYS. THE
6. DEFENDANT'S POLICY AND PROCEDURES OF INSTITUTING
7. CTQ STATUS CLAIMS THAT NO CTQ STATUS SHALL BE EXTENDED
8. BEYOND THREE DAYS. THE FACT THAT A PRISONER IS ON
9. CTQ STATUS DOES NOT NEGATE THE TOTAL DEPRIVATION
10. OF ANY OUT OF CELL ACTIVITY. AS TO THE ISSUE OF
11. TIMELY RESPONDING TO A REQUEST FOR ADMINISTRATIVE
12. REVIEW; THE APPEAL CONCERNED A CLASSIFICATION AND
13. TREATMENT TEAM COMMITTEE ACTION. AS SUCH CCR(15)(3)
14. §3084.5(a)(3)(A) WAIVE THE INFORMAL LEVEL. §3084.6
15. (b)(2) STATES, "FIRST LEVEL RESPONSES SHALL BE COMPLETED IN
16. 30-WORKING DAYS." IN THIS CASE THE APPEAL WAS
17. SUBMITTED ON 6-8-07, YET THE "DELIVERED" STAMP DATE IS
18. 8-10-07, 46-DAYS AFTER SUBMISSION. THOSE ARE WORKING
19. DAYS, IN ACTUALITY IT TOTALS 84 DAYS OF CTQ STATUS.
20. IT SHOULD ALSO BE NOTED THAT THE APPEAL WAS FILED AS
21. AN EMERGENCY AS PROVIDED UNDER §3084.7(a)(1),
22. THE RATIONALE BEING THAT THE CTQ CONFINEMENT EXTENDING
23. BEYOND THE PROVISIONED 10-DAY WAS CAUSING PLAINTIFF
24. SERIOUS AND IRREPARABLE HARM. DEMONSTRATED
25. SUICIDAL IDEATIONS AND ATTEMPTED SUICIDE WARRENT

26. (Required for verified pleading) The items on this page stated on information and belief are (specify item numbers, not line numbers):

27. This page may be used with any Judicial Council form or any other paper filed with the court.

Page 6

Form Approved by the Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501
American LegalNet, Inc. | www.USCourtForms.com

SHORT TITLE: HICKS V. NEAL

CASE NUMBER:

1. THE TREAT OF SERIOUS AND IRREPARABLE HARM.

IV

CONCLUSION

WHEREFORE, PLAINTIFF PRAYS FOR THE FOLLOWING:
1. NOMINAL DAMAGES IN THE AMOUNT OF $1.00.
2. COMPENSATORY DAMAGES IN THE AMOUNT OF $100,000.
3. PUNITIVE DAMAGES ACCORDING TO PROOF.
4. TRAIL BY JURY.
5. THE COST OF BRINGING THIS SUIT.
6. ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER, AND EQUITABLE.

DATED: March 20, 2008          Michael J. Hicks
                                IN PROPER

VERIFICATION

I, MICHAEL J. HICKS DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT, EXCEPT THOSE MATTERS BASED UPON BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

DATED: March 20, 2008          Michael J. Hicks
                                IN PROPER

(Required for verified pleading) The items on this page stated on information and belief are (specify item numbers, not line numbers):

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 7

# EXHIBIT COVER PAGE ⓐ

EXHIBIT

Description if this exhibit: *INMATE APPEAL*

Number of pages to this exhibit: **2** pages

**JURISDICTION**: (Check One Only)

- [ ] MUNICIPAL COURT
- [x] SUPERIOR COURT
- [ ] APPELLATE COURT
- [ ] STATE SUPREME COURT
- [ ] UNITED STATES DISTRICT COURT
- [ ] STATE CIRCUIT COURT
- [ ] UNITES STATES SUPREME COURT
- [ ] GRAND JURY

*EMERGENCY FILING*
*PER TITLE 15 § 3084.7(a)(1).*

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

AREA OF ORIGIN

Location: Institution/Parole Region
1. SVSP-d
2. ___

Log No.
1. 07-02620
2. ___

Category
11
OMH - 1st

*Pol/Proc  CTQ Status in DMH*

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| HICKS, M.J. | B-80852 | DMH-SVSP | D5-119 |

A. Describe Problem: ON 6-7-07, I APPEARED FOR MY INITIAL I.C.C. THE CHAIR PERSON (EITHER WARDAN; ASSOC. WARDAN) INFORMED ME THAT HE WAS NOT IN FAVOR OF MY DMH PLACEMENT. HOWEVER THE ~~MARI~~ DIRECTOR OF DMH OVER-ROAD HIS OPENION AND WITHOUT CONSENT, CAUSED THE INCLUSION OF A DMH PLACEMENT. THE CHAIR PERSON ALSO STATED THAT I WAS BEING RETAINED ON CTQ STATUS FROM 60-90 DAY'S, FOR "OBSERVATION" OF THIS PSU-SAC INMATE. THERE IS NO PENALOGICAL INTREST IN

If you need more space, attach one additional sheet. RETAINING MY CTQ STATUS. I CAME TO DMH FOR MENTAL HEALTH TREATMENT, NOT WAREHOUSE.

B. Action Requested: THAT I BE TAKEN OFF CTQ STATUS IN ORDER TO RECIEVE THE FULL BENEFITS OF THIS DMH PROGRAM.

RECEIVED JUN 11 2007

Inmate/Parolee Signature: *Michael J. Hicks*    Date Submitted: 6-8-07

C. INFORMAL LEVEL (Date Received: 6-8-07)

Staff Response: Denied — I don't have authority to grant 602, submit to next level.

Staff Signature: *Batten* SMTA    Date Returned to Inmate: 6-8-07

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

DISSATISFIED AS STATED ABOVE. ADDITIONALY FIRST LEVEL OF REVIEW SHOULD BE BYPASSED. PER § 3084.5(a)(3)(A)

BYPASS

Signature: *Michael J. Hicks*    Date Submitted: 6-11-07

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

JUN 28 2007

rst Level  ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other _____

REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 6-13st-07   2nd Due Date: 7-24-07

Interviewed by: _Dwn Cain, LCSW on 6/27/07. Explained to Pt that ICC rejected his programming due to the fact Pt had to be cooperative & w/o incident for 2-3 months in order for TPT to recommend SHU to be put in abeyance in order for him to program. Pt had been disruptive & threatening staff & TPT does not feel that he is safe to program at this time. This appeal is denied._

Staff Signature: _D. Cain, LCSW_   Title: _LCSW_   Date Completed: _06/27/07_
Division Head Approved: _R Pell_
Signature: _____   Title: _Rosbie_   Returned Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

DELIVERED AUG 1 0 2007

_____

Signature: _____   Date Submitted: _____

Second Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____   Due Date: _____
☐ See Attached Letter

Signature: _____   Date Completed: _____
Warden/Superintendent Signature: _____   Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

Signature: _____   Date Submitted: _____

For the Director's Review, submit all documents to:  Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)