UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL J. HICKS,                              No. C 08-1693 SI (pr)

    Plaintiff,                                **ORDER OF DISMISSAL**

  v.

LINDA NEAL, program director -
Salinas Valley Psychiatric Program,

    Defendant.
_____/

    Michael J. Hicks, formerly an inmate at Salinas Valley State Prison and now an inmate at the California State Prison - Sacramento, filed this pro se civil rights action under 42 U.S.C. § 1983. He alleged in his complaint that he was denied out-of-cell exercise and shaving equipment for at least 99 days while he was incarcerated at Salinas Valley. His complaint is now before the court for initial review under 28 U.S.C. § 1915A.

    A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

    A prisoner must exhaust administrative remedies before filing a civil rights action. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. See id. § 3084.5; Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).

Nonexhaustion under § 1997e(a) is usually an affirmative defense, but a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

The complaint and attachments plainly show that Hicks did not exhaust his administrative remedies before filing this action. Hicks checked the box indicating that he had appealed to the highest level, but then wrote that the informal and first formal levels resulted in denials, wrote that the second formal level became "moot," and wrote nothing on the part of the form where he was to write the result for the third formal level appeal. Complaint, p. 2. Hicks wrote that, once he was released from confined-to-quarters status after August 30, 2007, "the appeal became moot without further level of submission and review." Complaint Attachment, p. 2. That the mootness determination was Hicks' assessment of the situation and was not the actual decision of the inmate appeal reviewer is evident by the inmate appeal form. The second level appeal reviewer wrote that the appeal was denied (rather than dismissed as moot) and explained the reason for the denial. See Complaint, Exh. A, § E.

Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages,

1  exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Prisoners
2  cannot avoid the administrative exhaustion requirement by requesting relief not available in the
3  appeals system, such as monetary relief, or (as here) by simply declaring the process futile.

4      Hicks conceded that he had not completed the California inmate appeal process before
5  filing this action. His assessment that the appeal was made moot once he was released from
6  confined-to-quarters status did not excuse the exhaustion requirement. This action therefore is
7  dismissed without prejudice to Hicks filing a new action after he exhausts his administrative
8  remedies. The clerk shall close the file.

9      IT IS SO ORDERED.

10 Dated: July 22, 2008

                                       SUSAN ILLSTON
                                       United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL J. HICKS,

    Plaintiff,

v.

LINDA NEAL et al,

    Defendant.
    _____/

Case Number: CV08-01693 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 23, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael J. Hicks B-80852
CA State Prison-Folsom
California State Prison
P.O. Box 290066
Repressa, CA 95671

Dated: July 23, 2008

                                    Richard W. Wieking, Clerk
                                    By: Tracy Sutton, Deputy Clerk